J-S15036-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL R CALABRIS, III | : | |
| | : | No. 1585 WDA 2019 |
| APPEAL OF: DAVID F. POLLOCK | : | |

Appeal from the Order Entered September 30, 2019
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000211-2018

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                FILED MARCH 30, 2020

Appellant, David F. Pollock, Esquire, appeals from the order entered in the Court of Common Pleas of Greene County, which denied his motion to withdraw as criminal defense counsel for Samuel R. Calabris, III ("Mr. Calabris") due to the nonpayment of attorney's fees.[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On June 22, 2018, Mr. Calabris, who was the owner of a car lot in Carmichaels,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This Court has held that a trial court order denying a criminal defense attorney's motion to withdraw his representation due to nonpayment of fees is appealable under the collateral order doctrine.  See Commonwealth v. Magee, 177 A.3d 315 (Pa.Super. 2017).

Pennsylvania, was charged with "in excess of 1,000...counts ranging in degree from summary offenses to felonies of the third degree" arising from his deceptive business practices in connection with his ownership and management of the car lot. Trial Court Order, filed 9/30/19, at 2. On July 23, 2018, Mr. Calabris and Attorney Pollock entered into a fee agreement whereby Attorney Pollock would represent Mr. Calabris in the criminal matter and, in exchange, Mr. Calabris would pay $200.00 per hour for Attorney Pollock's attorney's fee.[2] The agreement further provided that Mr. Calabris would pay a $2,500.00 retainer to Attorney Pollock.

Thereafter, on October 15, 2018, Attorney Pollock filed a motion for a writ of habeas corpus on behalf of Mr. Calabris,[3] and following a hearing, on January 16, 2019, the trial court denied the motion without prejudice to the defense's right to renew the motion as the case developed. On January 28, 2019, the Commonwealth filed an amended Information against Mr. Calabris.

On February 28, 2019, Attorney Pollock filed a second motion for a writ of habeas corpus on behalf of Mr. Calabris. In response thereto, the trial court filed an order on March 22, 2019, indicating that issues presented in the second motion for a writ of habeas corpus would be addressed at the pre-trial

_____

[2] The agreement also provided for a fee of $70.00 per hour for a paralegal.

[3] Therein, Attorney Pollock set forth various arguments regarding inadequacies in the criminal Information.

conference. In this order, the trial court acknowledged the complexity of the criminal case related to Mr. Calabris.

Thereafter, by order entered on April 10, 2019, the trial court acknowledged there were outstanding pre-trial matters, but that Mr. Calabris' jury trial was scheduled for September 4, 2019. On June 11, 2019, the trial court held a pre-trial conference, as well as a hearing on the second motion for a writ of habeas corpus, and on July 11, 2019, the trial court granted the second motion for a writ of habeas corpus, thereby directing the Commonwealth to file a second amended Information. On July 26, 2019, the Commonwealth filed a second amended Information.

On July 30, 2019, the trial court held a second pre-trial conference. The trial court indicated it was necessary to have the second pre-trial conference due to the "sheer volume of accusations that have been filed against [Mr. Calabris]." Trial Court Order, filed 8/1/18. On August 15, 2019, the trial court set October 22, 2019, as the date for Mr. Calabris' jury trial. "[S]pecial arrangements were made to alter the actual date for the October jury selection to accommodate [Attorney] Pollock's vacation plans." Trial Court Order, filed 9/30/19, at 2.

On September 3, 2019, Attorney Pollock filed a motion for the continuance of Mr. Calabris' jury trial, as well as a motion to withdraw his representation. Therein, Attorney Pollock indicated that Mr. Calabris had not paid for Attorney Pollock's legal services and, accordingly, Mr. Calabris owed

Attorney Pollock "several thousands of dollars." Motion to Withdraw, filed 9/3/19, at 3. Attorney Pollock asserted that Mr. Calabris' jury trial "could take as many as seven (7) days," and his continued representation of Mr. Calabris without payment would impose an unreasonable financial burden upon Attorney Pollock. Id.

He contended that Mr. Calabris "has no gainful employment and should qualify for representation by the Public Defender's Office." Id. He posited that he "never dreamed that the Commonwealth would not make a plea offer, [thus] necessitating a trial." Id. He argued that permitting his withdrawal would not be materially adverse to Mr. Calabris at this juncture. Id.

On September 4, 2019, the Commonwealth filed a motion in opposition to Attorney Pollock's motion for continuance and to withdraw his representation. Relevantly, the Commonwealth asserted Mr. Calabris had "advised the Court that he was employed." Commonwealth's Answer filed 9/4/19, at 4. The Commonwealth noted the allegations against Mr. Calabris involve his "malfeasance against a number of victims." Id. Also, the Commonwealth noted that "abbreviated plea discussions established that the parties would not be able to reach an agreement as to a disposition of the charges." Id.

By order entered on September 6, 2019, the trial court continued Mr. Calabris' October jury trial, and on September 26, 2019, the trial court held a

hearing with regard to Attorney Pollock's motion to withdraw his representation.

At the hearing, Mr. Calabris confirmed the Commonwealth filed a series of charges against him, and on July 23, 2018, he consulted with Attorney Pollock, who presented him with a fee agreement, which set forth the terms of payment. N.T., 9/26/19, at 16. In accordance with the agreement, Mr. Calabris paid the required $2,500.00 retainer to Attorney Pollock. Id. Moreover, Mr. Calabris confirmed that he periodically received statements from Attorney Pollock, and he made "some payment on those" statements. Id. Mr. Calabris testified Attorney Pollock's charges to date have been reasonable. Id. at 18.

Mr. Calabris denied he has been employed since his car lot closed; however, when he sold the car lot property he received "20-some thousand dollars." Id. He indicated he is separated from his wife, and she took half of the proceeds from the sale. Id. at 17. Mr. Calabris testified that, to support himself, he goes to car swap meets and flea markets to buy/sell car parts, car accessories, motorcycle parts, bar memorabilia, and collectible toys. Id. at 18. He indicated he also sells items online. Id.

Mr. Calabris testified he does not believe he has the "wherewithal to pay...the outstanding [attorney's fee] balance, [or] an additional charge" which will be required for Attorney Pollock's representation at trial. Id. at 19.

He noted the Commonwealth never presented him with a written or oral plea offer. Id.

On cross-examination, Mr. Calabris admitted the fee agreement between him and Attorney Pollock was for the instant criminal case, as well as another unrelated criminal matter. Id. at 20. In the latter, Mr. Calabris, while represented by Attorney Pollock, pled guilty "at the last moment." Id. at 20-21.

With regard to his separation from his wife, Mr. Calabris admitted he does not pay either spousal support or alimony and, in fact, there is no separation agreement between him and his wife. Id. at 23. Further, he admitted that, when he sold his car lot property on September 13, 2018, the closing amount was for $87,000.00. Id. However, after the mortgage was paid, he and his wife received just $43,000.00 collectively. Id. at 26. He indicated he agreed to give his estranged wife half of the $43,000.00. Id.

With regard to the instant criminal matter, Mr. Calabris admitted on cross-examination that Attorney Pollock asked the Commonwealth for ARD; however, the Commonwealth declined the offer. Id. at 29. With regard to possible representation by the Public Defender's Office in the event Attorney Pollock is permitted to withdraw, Mr. Calabris admitted on cross-examination that he has not recently made an application for that Office's services, so he does not know whether he would qualify. Id. at 30-31. He indicated that,

when he signed the fee agreement, it was his understanding that Attorney Pollock would represent him "through to and including trial." Id. at 32.

On redirect-examination, Mr. Calabris acknowledged that he knew the initial $2,500.00 retainer would not cover Attorney Pollock's attorney's fees if the criminal matter proceeded to trial. Id.

By order entered on September 30, 2019, the trial court denied Attorney Pollock's motion to withdraw his representation of Mr. Calabris due to the nonpayment of attorney's fees. On October 21, 2019, Attorney Pollock filed a notice of appeal. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Attorney Pollock contends the trial court erred in denying his motion to withdraw as criminal defense counsel for Mr. Calabris due to Mr. Calabris' nonpayment of legal fees.

"[W]e review a trial court's denial of counsel's motion to withdraw under the abuse of discretion standard." Magee, 177 A.3d at 322 (citations omitted).

The Rules of Criminal Procedure provide that an attorney for a defendant may not withdraw without leave of court. Pa.R.Crim.P. 120(B)(1). The Comment to the Rule explains:

> The court must make a determination of the status of a case before permitting counsel to withdraw. Although there are many factors considered by the court in determining whether there is good cause to permit the withdrawal of counsel, when granting leave, the court should determine whether new counsel will be stepping in or the defendant is proceeding without counsel, and that the change in attorneys will not delay the proceedings or prejudice the defendant, particularly concerning time limits. In

- 7 -

addition, case law suggests other factors the court should consider, such as whether (1) the defendant has failed to meet his or her financial obligations to pay for the attorney's services and (2) there is a written contractual agreement between counsel and the defendant terminating representation at a specified stage in the proceedings such as sentencing....

Pa.R.Crim.P. 120, Cmt.

This Court has held:

> No brightline rules exist to determine whether a trial court has abused its discretion in denying a [motion] to [w]ithdraw as counsel.  A balancing test must be utilized to weigh the interests of the client in a fair adjudication and the Commonwealth in the efficient administration of justice.  Thus, a resolution of the problem turns upon a case by case analysis with particular attention to the reasons given by the trial court at the time the request for withdrawal is denied.
>
> The balancing test includes consideration of the interests of the attorney seeking withdrawal, i.e., factors including, but not limited to, the amount of time, money, and energy already expended on the case and whether counsel's withdrawal would prejudice the client so as to amount to a "desertion" of the latter's cause.

Magee, 177 A.3d at 323 (quotations and quotation marks omitted).

In explaining the reasons it denied Attorney Pollock's motion to withdraw his representation, the trial court relevantly indicated the following:

> The Court has heard the testimony of Mr. Calabris and...recognizes that a fee agreement exists between [Mr. Calabris] and [Attorney] Pollock.
>
> * * *
>
> The Court has reviewed a billing statement provided by [Attorney] Pollock which purports to be a statement of work performed by Mr. Calabris.  It has been entered into evidence that a statement indicates that [Attorney] Pollock is owed in excess of $5,000.00.

*  *  *

The Commonwealth has charged Mr. Calabris with crimes which were alleged to have occurred from December 5, 2014, through May 14, 2018….[T]here are literally in excess of 1,000 actual counts[.]

Several hearings or arguments have been scheduled by the Court to include two separate writ of habeas corpus hearings. In addition, the matter has been set for jury selection on at least one occasion and trial dates were also selected and special arrangements were made to alter the actual date for the October jury selection to accommodate [Attorney] Pollock's vacation plans.

The Court recognizes that an attorney should not be required to work without compensation, and in that regard the Court has heard the testimony of Mr. Calabris, who indicates that in September of 2018 the real property of his business sold for $87,000.00[, and] after payment of a mortgage and dividing the proceeds with his wife, Mr. Calabris realized approximately $20,000 in gain.

In addition, the Court recognizes that, [pursuant to] the testimony of Mr. Calabris, he is actively involved in buying, selling, and merchandising car parts, car accessories, motorcycle parts, and other memorabilia, toys, etc., primarily through his appearance at flea markets and his selling items online. [Mr. Calabris] describes himself as being self-employed and the Court's determination is that he is active in his self-employment.

In determining whether an attorney in a criminal case is permitted to withdraw the Court must consider many factors and a decision must be made on a case-by-case basis.

The Court must look to the fairness to the defendant, the interests of justice, the needs of both the Commonwealth and the defendant to resolve the case by trial, and also to determine at what point counsel seeks to withdraw and whether in fact that would amount to essentially an abandonment.

In considering all the factors to include [Mr. Calabris'] income and the late hour of [Attorney] Pollock's request to withdraw, his request to withdraw as counsel [was properly] denied.

Trial Court Order, filed 9/30/19, at 1-4.

After a careful review, we conclude the trial court did not abuse its discretion in denying Attorney Pollock's motion to withdraw after weighing the interests of all parties. While Attorney Pollock expressed financial concerns with continuing his representation of Mr. Calabris, who has only partially paid his attorney's fees, this factor alone does not require the trial court to permit Attorney Pollock to withdraw.

> This Court has held:
>
> [T]he interests of the attorney are but one factor to consider in assessing a motion to withdraw. Criminal Rule 120(B) makes clear that a trial court has discretion to deny a request by counsel for withdrawal, and there is no strict rule that counsel must always be permitted to withdraw in cases where counsel has not been paid. The trial court [is]…free to conclude that other factors outweigh[] the financial burden on counsel when it denie[s] [counsel's] motion.

Magee, 177 A.3d at 325-26 (quotation and quotation marks omitted).

Here, while Mr. Calabris did not oppose Attorney Pollock's motion, Mr. Calabris was placed in a position where, if Attorney Pollock's motion was granted, Mr. Calabris would be looking for new counsel in the month preceding the start of trial, which was scheduled to accommodate Attorney Pollock. See Magee, supra. At the time of the hearing to withdraw, Mr. Calabris had not taken steps to retain new counsel, and he was unsure as to whether he would qualify for assistance from the Public Defender's Office.

Further, Mr. Calabris' criminal matter is "complex," involves over 1,000 charges, and involved allegations of crimes against numerous victims. It was reasonable for the trial court to assume that, in light of the nature of the case,

"any replacement counsel...would require significant time to get up to speed." Magee, 177 A.3d at 326 (citation omitted).

Moreover, the record supports the conclusion that Attorney Pollock did not take steps to avoid the foreseeable prejudice of delaying the trial. Attorney Pollock litigated several motions on behalf of Mr. Calabris and attended pre-trial conferences; the October jury selection date was scheduled to accommodate Attorney Pollock. However, Attorney Pollock did not notify the trial court and the Commonwealth of his concerns regarding nonpayment until after it was clear that there would be no plea agreement and Mr. Calabris' criminal matter would be proceeding to trial.

On these facts, we conclude the trial court had the discretion to grant or deny Attorney Pollock's request to withdraw. See Magee, supra. Thus, having discerned no abuse of the trial court's discretion, we affirm the trial court's order denying the motion to withdraw.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020

- 11 -